In the Matter of CARMEN J. MAIUCCORO et al., Appellants, against JACOB HERZOG, as Treasurer of the County of Albany, Respondent.

Third Department, October 19, 1957.

*Stephen P. Vinciguerra* for appellants.

*Walter L. Collins, County Attorney,* for respondent.

BERGAN, J. Petitioners sought to bid in certain parcels at a tax sale advertised for September 17, 1956 by the Albany County Treasurer. The petition in this proceeding, which is in the nature of mandamus to compel the Treasurer to issue tax sale certificates on all of the parcels, alleges that the respondent refused to accept the bids.

An affirmative defense pleaded in the answer as to one group of the parcels in controversy alleges that the refusal of the Treasurer to accept such bids was " because in his discretion it was his opinion that they were made by or for some person or persons not acting in good faith ".

The court at Special Term held that this allegation pleaded a triable issue. The statute (Tax Law, § 122) (made applicable to sales by county treasurers by § 158), provides that the officer conducting the sale may decline to receive any bid if in his opinion the bid is made by or for " any person not acting in good faith ". In that event the sale shall be carried out as if such a bid had not been made. We would expect the question of good faith usually to be related in some way to the intention or the capacity of the bidder to make good the bid; but we are not required definitively to decide on this appeal all the possibilities that an absence of good faith may include in this context.

The pleading of the fact of absence of good faith in the affirmative defense in the answer is sufficient on its face; and for the purpose of a motion such as petitioners have made for the ultimate relief to which they might be entitled in the proceeding, such a pleading must be accepted as true and accorded every favorable intent and inference of construction.

Even if it is ultimately held that the bid was made in good faith within the intent of the statute, petitioners would not be entitled to the tax certificates they seek, but the property would be resold at public auction with an opportunity afforded petitioners, along with others, to bid.

Nothing in the statute suggests that if a bid is erroneously refused by the treasurer because he believes it is not made in good faith that the bidder must get the certificate. The property must be sold as if such bid had not been made; and

this would mean, if it had not been bid in by another bidder, that it would be ordered resold if the issue is resolved against respondent.

On the affirmative defense as to a group of other parcels on which petitioners sought to bid, that on prior sales the county had bid in on these parcels and was the equitable holder of certificates of sale and, therefore, that the Treasurer was required by law himself to bid in on those parcels and to reject any other bid, the Special Term sustained the defense as a matter of law; no issue of fact with respect to it is argued by petitioners and we think it was correctly decided. When the provisions of section 123 of the Tax Law are read with section 158, the duty of the treasurer to bid on parcels in which the county has previously acquired an interest on tax sales and to reject other bids seems clear. The reasons underlying this public policy are discussed by Commissioner Cole in 52 State Department Reports, page 8.

The further affirmative defense as to another group of parcels in controversy that they have been duly redeemed by the owners since the sale and hence the Treasurer cannot be required to give certificates to the petitioners has also been sustained at Special Term and this decision is correct. Petitioners here argue that they are entitled to interest from the time when their bid was rejected to the time of redemption by the owners.

That is not the relief they sought either in the petition or in the motion for ultimate relief on which the order appealed from was entered. On the merits it has not been demonstrated that in the circumstances shown they have a clear right to interest under the Tax Law provisions.

The order should be affirmed, with $10 costs.

FOSTER, P. J., COON, HALPERN and GIBSON, JJ., concur.

Order affirmed, with $10 costs.